REISS, EISENPRESS & EISENBERG, LLP
425 Madison Avenue
New York, New York 10017-1110
Telephone: (212) 753-2424

CV-05 3020

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KRASNYI OKTYABR, INC. (a/k/a "RED OCTOBER"),

   Plaintiff,

     -against-

T.G.F. PRODUCTIONS, LLC, and "JOHN DOE" DEFENDANTS 1-10, being the principals, officers, directors and stockholders of the corporate defendant,

   Defendants.
-----------------------------------------------------------x

Civil Action No.

COMPLAINT

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 21 2005 ★
BROOKLYN OFFICE

TRAGER, J.
POHORELSKY, M.J.

  Plaintiff Krasnyi Oktyabr, Inc. ("Plaintiff" or "Red October") as and for its Complaint, on knowledge as to its own acts and status, and upon information and belief as to the acts and status of others, alleges as follows:

### INTRODUCTION

  1. Plaintiff seeks to prevent defendants' ("Defendants") further unlawful importation, warehousing, marketing, distribution and sale of "gray market" goods, consisting of chocolate candy bars and other confectionery goods, in violation of Plaintiff's exclusive rights under its licensing and distribution agreements and registered trademarks, and to obtain both injunctive relief and damages for such unlawful conduct.

2. Red October, a distributor of confectionery goods, brings this action against the above-named defendants for trademark infringement in violation of 15 U.S.C. § 1114, false misrepresentations in connection with the sale of certain goods, viz., chocolate candy bars and other confectionery goods, in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition in breach of Red October's nationwide, exclusive rights to distribute Red October chocolate bars and confections; unfair competition and injurious falsehood and anti-dilution under New York General Business Law §§ 349, 350 and 368(d); and selling chocolate bars and other confections of counterfeit origin supporting injunctive relief under § 32(d) of the Lanham Act, 15 U.S.C. 1116(d).

3. Upon information and belief, Defendants have sold and continue to sell such chocolate candy bars and other confectionery goods in violation of Plaintiff's rights, despite due demand that Defendants cease and desist from such unlawful conduct.

## PARTIES, JURISDICTION and VENUE

4. Red October is a New York corporation that maintains its principal place of business at 76 Sullivan Street, Brooklyn, New York 11231.

5. Defendant T.G.F. Productions, LLC ("TGF") is a New York corporation listed with the New York State Department of State Division of Corporations as maintaining a principal place of business at 191 Centre Street, Brooklyn, New York 11231.

6. The John Doe defendants are the principals, officers and stockholders of TGF.

7. This Court has original jurisdiction under the Federal Trademark laws, 15 U.S.C. §1121, 28 U.S.C. §1338(a); federal question jurisdiction under 28 U.S.C. §§1331 and 1332; statutory pendant jurisdiction, under 28 U.S.C. § 1338(b) and the doctrine of general pendant jurisdiction.

8. Venue in the Federal District Court for the Eastern District of New York is proper under 28 U.S.C. § 1391(b) and (c). This Court should maintain jurisdiction over the defendants, their shareholders, officers, directors, agents and servants, employees and representatives, and all persons, firms, corporations or other entities in active concert or participation therewith, to, inter alia, enforce the terms of any final judgment and permanent injunction imposed herein.

## RED OCTOBER'S INTELLECTUAL AND INTANGIBLE PROPERTY RIGHTS

9. Pursuant to two separate licensing agreements (the "Licensing Agreements") Red October is the exclusive licensee in the United States of three separate brands of candy manufactured in Russia, "Krasnyi Oktyabr", "Rot Front" and "Babayevsky".

10. Red October is the holder of a Certificate of Registration from the United States Patent and Trademark Office, Registration Number 2,303,686, for the "Krasnyi Oktyabr" trademark and logo.

11. Rot Front is the registered owner of the trademark "Rot Front" issued by the United States Patent and Trademark Office ("PTO Office"), Registration Number 2800520.

12. Confectionary Concern Babayevsky ("CCB") is the registered owner of four trademarks, registration numbers 0839448 - 0839451 for "Babayevsky" products sold here in the United States (together hereinafter along with the Krasnyi Oktyabr and Rot Front trademarks, the "Trademarks").

13. Krasnyi Oktyabr Moscow, Rot Front and Confectionary Concern Babayevsky are all owned and run by the holding company, United Condita.

14. Pursuant to the Licensing Agreements and its ownership of the Krasnyi Oktyabr trademark, Red October has exclusive right to use the Trademarks, including the right to enforce the Trademarks.

15. Krasnyi Oktyabr Moscow, Rot Front and CCB manufacture chocolates and other confectionery sweets, and for the last several decades, their products, including those sold under the brand names Krasnyi Oktyabr, Rot Front and Babayevsky have been considered the premium products of their kind within all the former republics of the Soviet Union.

16. Upon information and belief, the market in the United States for Krasnyi Oktyabr Moscow, Rot Front and Babayevsky chocolate bars and other confections is comprised of the large, immigrant and expatriate population of U.S. residents from the former Soviet Union.

17. As such, chocolate bars and other confections bearing these trademarks and logos are routinely stocked in most of the delis and grocery stores in the five boroughs of New York City which cater to this population of immigrants and expatriates from the former Soviet Union.

18. The domestic market has also recently expanded from the Soviet immigrant and expatriate population to native born American consumers.

19. Red October has expended substantial resources in: (i) obtaining the exclusive licensing agreements for distribution of Krasnyi Oktyabr, Rot Front and Babayevsky chocolate bars and other confections in the United States; (ii) registering the trademark "Krasnyi Oktyabr"; (iii) obtaining and/or licensing the use of the Trademarks of these items; and (iv) advertising the Trademarks in the United States.

20. Upon information and belief, on or prior to March 2005 and continuing thereafter, Defendants have engaged (and continue to engage) in selling within the United States so-called

4

"gray market" chocolate bars and other confections manufactured by Krasnyi Oktyabr Moscow, Rot Front and CCB which bear the Red October, Rot Front and Babayevsky Trademarks (the "Gray Market Goods") in violation of Red October's intellectual and intangible property rights, including, but not limited to, its rights under the Lanham Act and New York law. The goods being sold by the defendants are identical to and indistinguishable from the goods for which Red October owns the Trademarks and/or holds the exclusive license and distribution rights in the United States.

## DEFENDANT'S VIOLATION OF PLAINTIFF'S RIGHTS

21. On or about November 18, 2004, Plaintiff, by its counsel, demanded in writing that Defendants cease and desist from violating Plaintiff's Trademarks and exclusive distribution rights by importing, warehousing, distributing, marketing and selling the gray market goods (the "Demand").

22. Upon information and belief, despite their receipt of Plaintiff's Demand, Defendants continued to sell the Gray Market Goods bearing the Trademarks.

23. Red October is, and at all times pertinent hereto has been required, pursuant to the terms of the Licensing Agreements, to remain vigilant in the defense of the Trademarks. This action is hereby commenced in compliance with that obligation.

24. Defendants are without license to use, adopt or employ for commercial gain the Trademark.

25. Defendants' actions threaten to undermine and damage the goodwill and reputation associated with the Trademarks in the eyes of the trade and the consuming public.

26. Despite their receipt of Plaintiff's Demand, Defendants continue to, inter alia, hold themselves out as, and conduct business in a manner that infringes the Trademarks, thereby degrading and disparaging Red October's goodwill.

27. Defendants' conduct has caused and continues to cause confusion in the trade and the consuming public and damage to Red October.

### FIRST CAUSE OF ACTION
(Trademark Infringement in Violation of 15 U.S.C. § 1114)

28. Pursuant to Fed.R.Civ.P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 26, with the same force and effect as if set forth at length herein.

29. Defendants' aforesaid conduct constitutes a violation of 15 U.S.C. § 1114(1)(a), *et. seq.*, by the infringement of Red October's aforementioned valid and enforceable federally registered, duly filed and issued Trademarks by the United States Patent and Trademark Office which Trademarks it either owns or for which it holds the exclusive license in the United States. Defendants' sale of chocolate bars or other confectionery products bearing the "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" titles and/or logos by any party other than Plaintiff constitutes a direct infringement of the registered Trademarks.

30. Defendants' wrongful acts, including inter alia, their use in commerce of a complete copy of the Trademarks in connection with the importation, sale, offering for sale, distribution and/or advertising of chocolate bars or other confectionery products, constitute infringement of these registered Trademarks, causing or which are likely to cause and/or continue to cause confusion, mistake or deception in the minds of the trade and the purchasing public, in violation of 15 U.S.C. §1114(1).

31. Defendants have received proper notice of their infringement, and due demand to cease and desist therefrom. Despite such notice and due demand, Defendants have infringed and threaten to continue to infringe Red October's valid trademark rights. Defendants' trademark infringement has been and remains willful, intentional and deliberate.

32. The trademark registrations and licensing agreements related thereto are prima facie evidence of Red October's exclusive right to use the registered trademarks in commerce on goods specified in the registrations under 15 U.S.C. §1115. Defendants' use of infringing names and logos in connection with goods that are the same as, or similar in scope to, that specified in the registrations and within the same trademark class is likely to cause confusion, mistake or deception in the minds of the trade and the purchasing public as to the actual source of the goods.

33. Red October has been and continues to be materially, immediately and irreparably injured by Defendants' continued conduct in that, upon information and belief, Defendants have, and are continuing to cause confusion among members of the trade and the public including wholesalers, retailers and consumers of chocolate bars or other confectionery products, thereby damaging the goodwill developed by Red October. Red October is without an adequate remedy at law.

34. Red October is entitled to an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky marks in commerce, as well as damages for any unpermitted use.

### SECOND CAUSE OF ACTION
(False Designation of Origin and Importation,
Unregistered Trade Dress 15 U.S.C. § 1125(a)(b))

35. Pursuant to Fed. R. Civ. P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 33, with the same force and effect as if set forth at length herein.

7

36. Defendants' conduct aforesaid constitutes a violation of 15 U.S.C. § 1125, *et seq.*, by the infringement of Red October's aforementioned valid, protectable and distinctive trade dress comprising the packaging and labeling of "Krasnyi Oktyabr", "Rot Front" and "Babayevsky" chocolate bars and other confections utilized in the conduct of Red October's business. The use in the United States of any wrapper and/or other packaging bearing the name "Krasnyi Oktyabr", "Rot Front" and "Babayevsky" by any party other than Plaintiff constitutes an infringement of Red October's protectable and distinctive ownership of the trade dress used to wrap and package its chocolate bars and other confections.

37. Defendants' wrongful acts, including its use in commerce in the United States of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks, are likely to cause confusion, mistake or deception as to the affiliation, connection or association with Red October, Krasnyi Oktyabr Moscow, Rot Front, CCB and/or as to the origin, sponsorship or approval of Defendants' goods or commercial activities by Red October, Krasnyi Oktyabr Moscow, Rot Front and/or CCB. Such acts constitute a false designation of origin and falsely represent that Defendants' goods or commercial activities are authorized, sponsored or approved of by Red October, when in fact they are not. Such conduct is in violation of 15 U.S.C. 1125(a).

38. Defendants have received proper notice of their violation of 15 U.S.C. § 1125(a) and (b) infringement and due demand to cease and desist therefrom. Despite such notice and demand, Defendants have continued to violate 15 U.S.C. § 1125(a) and (b). Defendants' false designation of origin has been, and remains willful, intentional and deliberate.

39. Defendants' conduct is causing and threatens to cause Red October irreparable injury, and leaves Red October without an adequate remedy at law as a consequence of Defendants' conduct.

8

Accordingly, Red October is entitled to, inter alia, injunctive relief and specific performance without the necessity of showing actual damage or furnishing a bond or other security.

40. Red October has been and threatens to continue to be materially, immediately and irreparably injured by Defendants' conduct in that, there is a likelihood of confusion, and/or Defendants have, and threaten to continue to cause confusion among members of the trade and the public including wholesalers, retailers and consumers of chocolate bars or other confectionery products, thereby threatening to and/or actually causing damage to the goodwill developed by Red October. Red October is without adequate remedy at law.

41. Red October is entitled to an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Trademarks in commerce, as well as damages for any unlawful use.

### THIRD CAUSE OF ACTION
(Common law Infringement and Unfair Competition)

42. Pursuant to Fed. R. Civ. P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 40, with the same force and effect as if set forth at length herein.

43. Upon information and belief, Defendants' use of any part or all of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks has and threatens to continue to cause confusion, mistake and\or deception in the minds of the members of the trade and the public including wholesalers, retailers and consumers of chocolate bars or other confectionery products.

44. Defendants' wrongful conduct constitutes misappropriation of the goodwill created and developed by Red October in the Krasnyi Oktyabr, Rot Front and Babayevsky Marks after the expenditure of considerable time, effort and expense, giving Defendants an unfair competitive advantage by allowing them to wrongfully ride on Red October's coattails.

45. Defendants' continue free-riding upon the goodwill created by Red October, through the use of words, marks and logos the same as and/or confusingly similar to the Krasnyi Oktyabr, Rot Front and Babayevsky Marks is an infringement of and trades upon the favorable reputation and proprietary rights of Red October at common law. Red October has been and threatens to continue to be materially, immediately and irreparable injured by Defendants' continued wrongful conduct aforesaid.

46. Red October has been and threatens to continue to be materially, immediately and irreparably injured by Defendants' continued conduct aforesaid in that, upon information and belief, Defendants have, and threaten to continue to cause confusion among members of the trade and the public including wholesalers, retailers and consumers of chocolate bars or other confectionery products, thereby damaging the goodwill developed by Red October. Red October is without an adequate remedy at law.

47. Red October is entitled to an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks in commerce, as well as damages for any unlawful use.

## FOURTH CAUSE OF ACTION
(Violation of N.Y.G.B.L. Art. 22-A § 349)

48. Pursuant to Fed. R. Civ. P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 46, with the same force and effect as if set forth at length herein.

49. Defendants' conduct aforesaid was, is, and remains willful, and constitutes deceptive acts and practices in the conduct of its business, trade and commerce and in the furnishing of services in New York. Said conduct is unlawful under G.B.L. Art. 22-A § 349 (h), and Red October is entitled to and injunction and damages therefore.

## FIFTH CAUSE OF ACTION

10

(Violation of N.Y.G.B.L. Art. 22-A § 350-a)

50. Pursuant to Fed. R. Civ. P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 48, with the same force and effect as if set forth at length herein.

51. Defendants' conduct aforesaid was, is and remains willful, and constitutes false advertisement, as Defendants' advertising was, is and remains misleading as defined by G.B.L. Art. 22-A § 350-a, in the conduct of its business, trade and commerce in New York. Included in such misleading advertisement is Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks stating an affiliation with Red October that Defendants do not have. Said conduct is actionable under G.B.L. Art. 22-A §350-d, and Red October is entitled to an injunction and damages therefore.

### SIXTH CAUSE OF ACTION
(Violation of N.Y.G.B.L. ART. 24 § 360-l)

52. Pursuant to Fed. R. Civ. P. 10(c), Red October repeats and realleges the allegations contained in paragraphs 1 through 50, with the same force and effect as if set forth at length herein.

53. Defendants' conduct has created a significant likelihood of injury to Red October's business reputation and/or dilution of the distinctive quality of Red October's trademarks and trade names, in violation of G.B.L. Art. 24 §360-l, and Red October is entitled to an injunction and damages therefore.

### PERMANENT INJUNCTION

54. Based on the foregoing, Plaintiff seeks the imposition of a permanent injunction as detailed herein below.

55. Defendants, individually and collectively, and their shareholders, officers, directors, agents, servants and employees and attorneys, and all persons in active concert or participation

with them, should be permanently enjoined pursuant to Rule 65 of the Federal Rules of Civil Procedure from:

- using the Krasnyi Oktyabr, Rot Front and/or Babayevsky trademarks or trade dress, or any trademark, trade dress, word, phrase, expression, or logo that is in any manner confusingly similar thereto or a colorable imitation thereof, in any commercial manner or in any manner that might cause any member, or consumer of products, of the confectionery trade to believe that there is any causal connection or association with Moscow Confectionery Factory of Krasnyi Oktyabr, Moscow in the Russian Federation ("Krasnyi Oktyabr") or Rot Front or Confectionery Concern Babayevsky ("CCB") or United Condita or any of their duly licensed agents;

- representing, in any fashion, or holding themselves out as affiliated in any manner with Krasnyi Oktyabr;

- obtaining, stocking, distributing, trading, battering or selling in any manner any chocolate bar or other confection bearing the names, symbols, logos or trade dress of "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" or otherwise purporting to be a confection manufactured by Krasnyi Oktyabr Moscow, Rot Front or CCB;

- making or publishing, orally or in writing, any statement to prospective customers, competitors, the press or others, which would in any manner disparage Red October, or which would have the effect of confusing anyone into believing that defendants are, or represent, or are authorized by or in any manner affiliated with "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" chocolate bars and other confections;

12

- importing, selling, engaging in the sale or offer for sale, promotion, distribution, or marketing of goods, and from offering, providing or engaging in the offering or providing of services of any type or nature bearing the "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" Trademarks or trade dress, or colorable imitations thereof, or any indicia, marks, words, phrases, logos, trademarks, trade dress or the like that are confusingly similar thereto;

- carrying on any business activity under the name "Krasnyi Oktyabr", "Red October", "Rot Front" and/or "Babayevsky" or under any similar names using the trademarks "Krasnyi Oktyabr", "Rot Front", "Babayevsky" or Krasnyi Oktyabr Moscow, Rot Front, and/or CCB trade dress, including all colorable imitations thereof or any indicia, marks, words, phrases, logos, trademarks, trade dress or the like that are confusingly similar thereto;

- permitting or causing any of Defendant's employees, or others associated with them in their business to obtain, distribute, trade or sell in any manner any chocolate bars or other confections with the Krasnyi Oktyabr, Rot Front and/or Babayevsky Trademarks or otherwise bearing the name, logo or trade dress of "Krasnyi Oktyabr," "Rot Front" and/or "Babayevsky" or to sell or permit to be sold or otherwise transferred to any other person or entity such items;

- communicating with any Red October or Krasnyi Oktyabr customer in connection with the marketing, distribution, purchase or sale of chocolate bars and other confections;

- impeding the communications between any Red October or Krasnyi Oktyabr customer and Red October or Krasnyi Oktyabr (or one of its duly licensed agents);

13

- selling chocolate bars and other confections to any Red October or Krasnyi Oktyabr customer;
- interfering with the communications between Red October and United Condita, Krasnyi Oktyabr Moscow, Rot Front and/or CCB and their own employees or agents; and
- using or disclosing the know-how of Red October or Krasnyi Oktyabr, including its customer lists (or any portion thereof), its business and trade secrets relating to the obtaining, stocking, distributing, trading, battering or selling in any manner any chocolate bar or other confection, in any manner or form;

56. Defendants, individually and collectively, and their shareholders, officers, directors, agents, servants and employees and attorneys, and all persons in active concert or participation with them, should by this permanent injunction be directed, jointly and severally pursuant to Rule 65 of the Federal Rules of Civil Procedure to immediately:

- turn over to Red October all names, addresses, telephone numbers, fax numbers, cable addresses, telex addresses, and any other identifying information about the parties from whom they obtained chocolate bars and other confections bearing the name, logo, and/or trade dress of "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" or those respective Trademarks (the "Gray Market Infringers");
- turn over all items of correspondence or communication with such Gray Market Infringers;
- turn over all information and documents pertaining to their advertising of chocolate bars or other confections bearing the name, logo, trade dress of "Krasnyi Octyabr", "Rot Front" and/or "Babayevsky" and/or those respective Trademarks;

14

- turn over all bank statements, journals, ledgers, computer statements, and like materials showing the total number of chocolate bars or other confections they obtained from the Grey Marker Infringers, the amount paid for such goods, the number of goods sold, and the total revenue generated by such sales;
- turn over to Red October all chocolate bars or other confections or goods bearing the Trademark "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky"; and
- cease and desist from using the Trademark or any name, logo or trade dress of "Krasnyi Oktyabr", "Rot Front" and/or "Babayevsky" chocolate bars or other confections.

57. Defendants, individually and collectively, and their shareholders, officers, directors, agents, servants and employees and attorneys, and all persons in active concert or participation with them, should by this permanent injunction be directed, jointly and severally pursuant to Rule 65 of the Federal Rules of Civil Procedure to immediately deliver to Red October any and all brochures, advertisements and other documents in their possession, custody or control which feature in any way the Trademark or mention in any way chocolate bars or other confections bearing the name, logo or trade dress of "Krasnyi Oktyabr", "Rot Front" and "Babayevsky".

58. In the event that any of the defendants, and/or their shareholders, officers, directors, agents, servants, and employees, or any persons or entities in active concert or participation with them, violate any of the terms of this Final Judgment, in addition to exercise by this Court of its powers to issue civil and criminal remedies for contempt, including, without limitation, the power to award the plaintiffs their actual damages suffered as a result of any such violation, Defendants should be directed, jointly and severally, to pay additional damages to Red October in the amount

15

of ten thousand dollars ($10,000) per violation, together with an award of plaintiffs' reasonable attorneys' fees.

WHEREFORE, Plaintiff demands judgment as follows:

a. On the First Cause of Action, for an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks in commerce, as well as damages for any unlawful use, including, without limitation Defendants' profits, all damages sustained by Plaintiff, the costs of this action, together with treble damages and prejudgment interest on such amount as provided by 15 U.S.C. § 1117, together with reasonable attorneys fees;

b. On the Second Cause of Action, for an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks in commerce, as well as damages for any unlawful use, including, without limitation Defendants' profits, all damages sustained by Plaintiff, the costs of this action, together with treble damages and prejudgment interest on such amount as provided by 15 U.S.C. § 1117, together with reasonable attorneys fees;

c. On the Third Cause of Action, for an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks in commerce, as well as damages for any unlawful use;

d. On the Fourth Cause of Action, for an injunction against Defendants' use of the Krasnyi Oktyabr, Rot Front and Babayevsky Marks in commerce, as well as damages for any unlawful use;

e. On the Fifth Cause of Action, for an injunction and damages to be determined at a trial in this action;

f. On the Sixth Cause Of Action, for an injunction and damages to be determined at a trial in this action;

16

    g. On all the above causes of action for an injunction and order of seizure compelling Defendants to turn over and deliver to Plaintiff all goods bearing the Trademarks in Defendants' possession, custody or control;

    h. together with costs, attorneys fees, treble damages, punitive damages and such other damages as may be available to plaintiff, at plaintiff's election at any time prior to final judgment, or may be awarded by this Court in its discretion; and

    i. for such other, further and different relief as the Court deems just and proper.

Dated: New York, New York
       June 23, 2005

                              KRASNYI OKTYABR, INC.

                              By its attorneys,

                              _____
                              Sherri L. Eisenpress (SE-2531)
                              Matthew Sheppe (MS-9406)
                              **REISS, EISENPRESS & EISENBERG, LLP**
                              425 Madison Avenue
                              New York, New York 10017-1110
                              (212) 753-2424