```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------- x
KRASNYI OKTYABR, INC. (a/k/a, "Red
October"),                                    MEMORANDUM AND ORDER
                                              Civil Action No.
        Plaintiff,                            CV-05-3020

    -against-

T.G.F. Productions, LLC,

        Defendant.
----------------------------------- x
```

TRAGER, J.

Plaintiff Krasnyi Oktyabr ("Red October" or "plaintiff") purports to have an exclusive license from a Russian manufacturer, Obeyediyonne Conditery ("United Confectioners"), to import certain Russian candies into the United States for sale to the "Russian ethnic market." Notwithstanding plaintiff's license, plaintiff's competitors have imported, distributed, and sold the same candies. Plaintiff filed suit against several of these competitors, including defendant T.G.F. Productions, LLC ("T.G.F." or "defendant") and, in a separate suit, Trilini Imports and its related companies and officers ("the Trilini defendants"), alleging trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114 and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. Plaintiff also brought supplemental state law claims of unfair competition, violations of §§ 349, 350 and 360-l of New York's General

Business Law and tortious interference with prospective business relations against both T.G.F. and the Trilini defendants. An opinion is simultaneously being issued in the Trilini case granting summary judgment to the Trilini defendants on all of plaintiff's claims and granting summary judgment to plaintiff on all of the Trilini defendants' counterclaims. Krasnyi Oktyabr, Inc. v. Trilini Imps., No. CV-05-5359, slip op. (E.D.N.Y. Sept. 24, 2008) ("Trilini II").

The procedural posture of the present case and the Trilini case are identical except that the Trilini defendants had pled and moved for summary judgment on counterclaims that plaintiff is guilty of abuse of process, committed fraud on the U.S. Patent and Trademark Office ("USPTO"), violated antitrust laws and has tortiously interfered with defendant's business relations, whereas defendant in the present case, T.G.F., now moves to amend its answer to include those same counterclaims. Further, the parties in the present case cross-move for summary judgment on defendant's proposed counterclaims if defendant is granted leave to amend. Additionally, unlike in the Trilini case, neither party here has moved for summary judgment on plaintiff's tortious interference with prospective business claim.

**Background**

Plaintiff is a Brooklyn-based importer and distributor of Russian candy marketed under the Krasnyi Oktyabr, Rot Front and Babayevsky trademarks. <u>Trilini II</u>, slip op. at 3. Plaintiff claims to have the exclusive right to sell these brands of candy to the Russian ethnic market in the United States. <u>Trilini II</u>, slip op. at 4.

In October of 2004, defendant purchased Krasnyi Oktyabr brand candy from Russkie Produkty Torg. Dec. of Matthew Sheppe in Supp. of Pl.'s Mot. for Summ. J. ("Sheppe Dec."), Ex. F ("Invoice"). According to defendant, Russkie Produkty Torg, Ltd., is an authorized vendor who obtained the candy directly from United Confectioners. Dec. of Anzor Pichkhadze in Opp. to Pl.'s Mot. for Summ. J. ("Pichkhadze Dec.") at ¶ 4. Plaintiff alleges that defendant has sold Krasnyi Oktyabr, Rot Front and Babayevsky chocolate bars and confections in the United States at below-market prices as recently as June 13, 2005, despite receiving notices about plaintiff's exclusive distribution agreement. Dec. of Matthew Sheppe in Opp. to Def.'s Mot. for Summ. J. ("Sheppe Opp. Dec."), Ex. F ("Kachura Aff. 2005"), ¶¶ 10-11.

**Discussion**

**(1)**

**Plaintiff's Standing Under Sections 32 and 43 of the Lanham Act**

For the reasons cited in Trilini II, plaintiff does not have standing under § 32 of the Lanham Act, and defendant's cross-motion for summary judgment with respect to plaintiff's Section 32 claim on grounds of lack of standing is granted. Plaintiff does, however, have standing to bring an action under § 43 of the Lanham Act. See Trilini II, slip op. at 15.

**(2)**

**Merits of plaintiff's claims**

To establish a false designation of origin claim under Section 43(a), 15 U.S.C. § 1125, plaintiff must establish that "it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion." Morningside Group Ltd. v. Morningside Capital Group, L.L.C., 182 F.3d 133, 137 (2d Cir. 1999) (internal quotations and citations omitted); see also Time, Inc. v. Peterson Publ'g Co., L.L.C., 173 F.3d 113, 117 (2d Cir. 1999).[1]  Trademark law generally does not reach the

---

[1] 15 U.S.C. § 1125 provides:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of

4

sale of genuine goods.  See, e.g., Polymer Tech. Corp. v. Mimran, 975 F.2d 58, 61 (2d Cir. 1992).  However, where a trademark holder could not control the quality of the goods sold by a distributor, the goods would not be considered genuine.  See, e.g., El Greco Leather Prods. Co., Inc. v. Shoe World, 806 F.2d 392, 395 (2d Cir. 1986).  The parties do not dispute that the goods defendant sells originated from the production lines of one of United Confectioners' factories.  Rather, plaintiff surmises that defendant must have obtained the goods "second or third hand," leading to a higher probability of staleness.  Kachura Aff. ¶ 11.  Plaintiff argues that defendant's goods cannot be considered "genuine" because they are not subjected to the same quality control procedures as plaintiff's goods.

Plaintiff does not present any specific quality control standards for comparison.  Defendant states that its supplier obtains the candy directly from United Confectioners and that the candy does not undergo any transformation from the point of purchase from United Confectioners to the point of sale by

---

> origin, false or misleading description of fact, or false or misleading representation of fact, which . . . is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

defendant. Pichkhadze Dec. at ¶¶ 4-5. Defendant asserts that it stores its candy according to instructions from the manufacturers at a controlled temperature of approximately 18 degrees Celsius (64 degrees Fahrenheit). Defendant also transports the candy under "special" conditions during the summer to maintain its quality. Pichkhadze Dec. 2007, ¶¶ 10-15. Plaintiff has not demonstrated that defendant's candy is different from the candy made by United Confectioners and sold by plaintiff or that the quality control standards are different.

Thus, the facts of this case do not differ in any material respect from those in the Trilini case. For the reasons discussed in Trilini II, plaintiff has not met its burden to demonstrate that defendant's goods are not genuine. Trilini II, slip op. at 19-21. Accordingly, defendant's cross-motion with respect to plaintiff's § 43 claim is granted.[2]

As discussed in Trilini II, because plaintiff has not met its burden to show that defendant's goods are not genuine, defendant's cross-motion with respect to plaintiff's common law unfair competition claim and its claims under N.Y. Gen. Bus. Law §§ 349, 350 and 360-1 is granted. Trilini II, slip op. at 22-27.

---

[2] Because the analysis for Section 32 and 43 claims is similar, even if plaintiff had standing to bring a Section 32 claim, defendant's motion would be granted with respect to plaintiff's Section 32 claim for the same reason as plaintiff's Section 43 claim.

**(4)**

**Defendant's Proposed Counterclaims**

Defendant moves to amend its Answer to assert counterclaims that plaintiff abused process, committed fraud on the U.S. Patent and Trademark Office ("USPTO"), violated anti-trust laws and has tortiously interfered with defendant's prospective business relations. Both parties cross-move for summary judgment on defendant's proposed counterclaims, in the event leave to amend is granted. The Trilini defendants raised identical counterclaims against plaintiff in the Trilini case. See Trilini II at 29. Plaintiff's motions for summary judgment on Trilini's counterclaims of abuse of process, fraud on the USPTO, violation of Section 2 of the Sherman Act and tortious interference with prospective business relations were granted on grounds of insufficient evidentiary showing by defendant. Id. at 30-37.

Regarding defendant's motion to amend, Rule 13(f) of the Federal Rules of Civil Procedure provides that a party may amend its pleadings to add a counterclaim if the pleader failed to assert the claim in his original pleading due to "oversight, inadvertence, or excusable neglect, or when justice so requires." Fed. R. Civ. P. 13(f). This rule must be read in conjunction with the liberal standard of Rule 15(a) of the Federal Rules of Civil Procedure, which states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).

7

See Banco Para El Comercio Exterior De Cuba v. First Nat'l. City Bank, 744 F.2d 237, 243 (2d Cir. 1984); Pfeffer v. Mark, No. 98-CV-6771, 2000 WL 516891, at *1 (E.D.N.Y. Mar. 16, 2000). Leave to amend should be denied only if there is a good reason such as undue delay, bad faith or dilatory motive on the part of the movant, a futile claim, or undue prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962); Min Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

Where a cross-motion for leave to file an amended complaint was made in response to a Fed. R. Civ. P. 56 motion for summary judgment, the Second Circuit has stated, "even if the amended complaint would state a valid claim on its face, the court may deny the amendment as futile when the evidence in support of the plaintiff's proposed new claim creates no triable issue of fact and the defendant would be entitled to judgment as a matter of law under Fed. R. Civ. P. 56(c)." Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001) (citing Azurite Corp. v. Amster & Co., 844 F. Supp. 929, 939 (S.D.N.Y. 1994), aff'd, 52 F.3d 15 (2d Cir. 1995)). The court in Milanese affirmed the district court's application of "the summary judgment standard set forth in Fed. R. Civ. P. 56(c) - and not the Fed. R. Civ. P. 12(b)(6) standard for failure to state a claim - to determine whether granting Milanese leave to amend his complaint would be futile." Milanese, 244 F.3d at 111.

8

The defendant has offered substantially similar arguments in support of its proposed counterclaims as those offered by the Trilini defendants in the <u>Trilini</u> case. As explained in <u>Trilini II</u>, these counterclaims were held insufficient to withstand plaintiff's motion for summary judgment. For the same reasons set forth in <u>Trilini II</u>, defendant's motion for leave to amend its answer is denied as futile.

In addition, both parties have cross-moved for summary judgment on the proposed counterclaims. Even if leave to amend had been granted, the plaintiff would be entitled to summary judgment on the proposed counterclaims for the reasons discussed in <u>Trilini II</u>. <u>Trilini II</u>, at 30-37.

### **Plaintiff's Tortious Interference Claim**

As noted above, neither party here has moved for summary judgment on plaintiff's tortious interference with prospective business claim. In <u>Trilini</u>, plaintiff did not move for summary judgment on its tortious interference claim; however, the Trilini defendants did move for it and were granted summary judgment.

Because the facts of this case do not differ materially from those of the <u>Trilini</u> case, it would appear that summary judgment on plaintiff's tortious interference with prospective business claim is warranted, despite the failure of the parties to move for it. A district court may grant summary judgment <u>sua sponte</u>

9

after giving "the party against which the court is contemplating such a decision notice and an opportunity to present evidence and arguments in opposition."  NetJets Aviation, Inc. v. LHC Communications, LLC, 537 F.3d 168, 178 (2d Cir. 2008).  Second Circuit practice is to "adher[e] closely to the ten day notice period specified by Rule 56(c)."  Scottish Air Int'l, Inc. v. British Caledonian Group, PLC, 945 F.2d 53, 55 (2d Cir. 1991) (per curiam).  Accordingly, plaintiff shall show cause within ten days why its tortious interference claim should not be dismissed on summary judgment.

**Conclusion**

    For the foregoing reasons, defendant's motion for summary judgment on plaintiff's claim under § 32 of the Lanham Act on grounds that plaintiff lacks standing is granted.  Defendant's motion for summary judgment on plaintiff's claim under § 43 of the Lanham Act on grounds that plaintiff has not met its burden in showing that the defendant's goods are subjected to different quality control standards is granted.  Defendant's motion for summary judgment on plaintiff's common law unfair competition claim and claims under §§ 349, 350, 360-l of the N.Y. General Business Law on similar grounds that plaintiff has not met its burden in showing that defendant's goods are subjected to different quality control standards is granted.  Defendant's

motion for leave to amend its answer to include counterclaims of abuse of process, fraud on the USPTO, violation of § 2 of the Sherman Act and tortious interference with prospective business relations is denied.

Plaintiff shall show cause within ten days why its tortious interference claim should not be dismissed on summary judgment.

Dated: Brooklyn, New York
       September 25, 2008

                                        SO ORDERED:


                                        _____/s/_____
                                        David G. Trager
                                        United States District Judge